[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff seeks a temporary injunction against the defendant Statewide Grievance Committee, its bar counsel Daniel B. Horwitch and its first assistant bar counsel, Elizabeth F. Collins.
In what constitutes a wholesale attack on the grievance procedure in Connecticut by way of declaratory judgment, the plaintiff complains that his court ordered two year suspension has become a permanent disbarment as enforced by the defendants.
Specifically, he argues that the two conditions imposed by the court (Moran, J.), should, in effect, be waived or ignored because he has not been practicing law and has no funds to pay for the court ordered nine hours of ethics courses nor to reimburse the state the sum of $3,100 it expended for expert witness fees in prosecuting the grievance.
 DISCUSSION
The defendants have moved to dismiss the action and object to the issuance of a temporary injunction because of the prior legal history of this suspension.
The original suspension was appealed by this plaintiff and affirmed in a per curiam Appellate Court decision. Certification was denied by the Supreme Court.
In July 2000, the plaintiff instituted an action in this court against the defendant Committee. That action alleged that the trial court lacked jurisdiction over him and sought substantially the same relief he seeks here, but primarily an order of immediate re-admission without adherence to the two conditions.
That collateral attack was dismissed on November 27, 2000 (Silbert, J.) on the grounds of res adjudicata and immunity from suit of the defendant Committee. That decision was not appealed.
The defendants urge this action should be dismissed for the same reasons. CT Page 5686
The plaintiff cites In Re Application of George Koenig For Readmission To The Bar, 152 Conn. 125 (1964) in support of his claim.
While that decision explains the difference between a suspension from the practice of law and disbarment, it does not deal with conditions imposed as a requirement for readmission.
In fact, it impliedly supports the defendants' response to the plaintiff's request for readmission, reiterating that the applicant is obligated to prove his suitability to practice and that the committee can rely on conduct, subsequent to the suspension, demonstrating lack of fitness. Certainly the first condition relates directly to that issue.
 CONCLUSION
There appears to be little likelihood that the plaintiff will prevail. The application for a temporary injunction is denied.
The action is dismissed for the reasons noted by Judge Silbert. The Committee is immune from suit, res adjudicata precludes further action on this claim.
The count seeking a declaratory judgment is dismissed for failure to serve all interested parties.
Anthony V. DeMayo, J.T.R.